UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GLINDA MARIE SINGLETON** | **CIVIL ACTION** |
| **VERSUS** | **NO:   16-16364** |
| | **c/w 16-15333** |
| **OFFICE OF PERSONNEL MANAGEMENT, ET AL** | **MAGISTRATE JUDGE KAREN WELLS ROBY** |

## ORDER

Before the Court is a Notice of Removal (R. Doc. 1) filed by the *pro se* pauper Plaintiff Glinda Marie Singleton ("Plaintiff") attempting to remove her suit filed in the 32nd Judicial District Court. In accordance with Title 28 U.S.C. § 636(c) and the consent of the parties, this matter has been referred to the undersigned Magistrate Judge for all further proceedings and entry of judgment. Upon review, the Court has determined that the Notice of Removal is frivolous. As such, for the following reasons, the instant case, Civil Action No. 16-16364, is **DISMISSED WITHOUT PREJUDICE**.

## I.   Background

The Plaintiff filed her notice of removal on November 14, 2016, which was docketed in this District Court as *Singleton v. Office of Personnel Management*, Civ. No. 16-16364. (R. Doc. 1). The Notice of Removal purports to remove from the 32nd Judicial District Court for Terrebonne Parish the Plaintiff's suit she filed against: the Office of Personnel Management; Jeh Johnson, Secretary of the Department of Homeland Security; Pauline Campbell, Director of Equal Rights at the Federal Emergency Management Agency ("FEMA"); Willisa Donald, Director of the Office of Equal Rights; John White, Director at National Finance Center, Department of Agriculture; and Washington D.C.. R. Doc. 1-1, p. 2. In her original complaint filed in state court, the Plaintiff filed suit under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a) alleging racial and

1

gender based discrimination while she was employed with FEMA. *Id.* She alleges that she faced racial and sexual harassment during her employment and that nothing was done to remedy the situation. *Id.* After receiving her notice of her right to sue, the Plaintiff filed the suit in the state court seeking an injunction ordering the City to provide sufficient remedial relief to make her whole, adopt and modify existing policies governing racial and sexual harassment, to provide adequate training to employees regarding racial and sexual harassment, and to take other appropriate measures to overcome effects of discrimination. *Id.* at p. 3. She also seeks an award of compensatory damages. *Id.* at p. 4. On November 29, 2016, the Court granted leave to the Plaintiff to proceed *in forma pauperis.* R. Doc. 4.

Prior to the Plaintiff's filing a Notice of Removal, on October 6, 2016, Defendants FEMA, the Department of Homeland Security, the Office of Personnel Management, and the National Finance Center filed a notice of removal, removing the Plaintiff's same state court action from the 32nd Judicial District Court. *Singleton v. Office of Personnel Management*, Civ. No. 16-15333, R. Doc. 1. This case was docketed separately from the following notice of removal, although both cases attempted to remove the same underlying state court case. On November 30, 2016, both cases were consolidated. R. Doc. 7. On January 5, 2017, the case was referred to the Magistrate Judge by consent of the parties under 28 U.S.C. § 636(c). R. Doc. 8.

At this time, the Court has conducted a review of the Plaintiff's notice of removal. Because the Plaintiff's removal is improper and because the underlying state court case has already been removed, the undersigned orders dismissal without prejudice for the reasons discussed *supra.*

## II.     Standard of Review

"[A] District Court may dismiss without prejudice a pro se litigant's complaint if it is frivolous or malicious." *Harris v. United States Dept. of Justice,* 680 F.2d 1109, 1111 (5th Cir.

1982) (citing *Mitchell v. Beaubouef*, 581 F.2d 412, 416 (5th Cir. 1978)). As the Fifth Circuit in *Harris* explained:

> The two stage procedure that has been adopted in this Circuit for processing prisoner pro se complaints filed *in forma pauperis* has full application in the present context for it gives adequate protection to those not represented by attorneys and comports with the explicit provisions of 28 U.S.C. [§] 1915. The District Court first decides whether the litigant meets the economic requirements to proceed in forma pauperis. Then, pursuant to [§] 1915[(e)(2)], the Court may dismiss the complaint if, upon giving it the liberal reading traditionally granted pro se complaints, it determines that it is unmeritorious, frivolous or malicious.

680 F.2d at 1111 (internal citations omitted); *see also* 28 U.S.C. § 1915(e)(2); *see also Phillips v. City of Dallas*, 2015 WL 233336, at *4 (N.D. Tex. Jan. 14, 2015) (noting that "a district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action" is frivolous, malicious or fails to state a claim).

The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle,* 789 F.2d 318 (5th Cir. 1986), *modified on other grounds, Booker v. Koonce,* 2 F.3d 114 (5th Cir. 1993). However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

A claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams,* 490 U.S. 319 (1989); *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998). A claim lacks an arguable basis in law if it is based on an undisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers,* 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992); *Neitzke,* 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiffs' claims are based on an undisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins,* 27 F.3d 174, 176 (5th Cir. 1994); *see*

*Jackson v. Vannoy,* 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus,* 976 F.2d 268, 269 (5th Cir. 1992).

**III.   Analysis**

Before the Court is a veritable Gideon's Knot. On October 6, 2016, a number of the Defendants removed the Plaintiff's underlying state court claim. *Singleton v. Office of Personnel Management*, Civ. No. 15-15333, R. Doc. 1. Subsequently, possibly out of confusion inherent in the legal complexities of Federal Procedure, the Plaintiff also filed a Notice of Removal in the instant case. R. Doc. 1. This series of events creates a seemingly challenging puzzle for the Court to consider: competing removals of the same underlying state court case. Thankfully, however, the law provides an answer.

First, the Plaintiff's attempted removal is frivolous. "The principles of comity and federalism mandate strict construction of removal statutes in order to minimize encroachment on the sovereignty of state courts." *Callou Corp. v. Berthelot,* No. 13-5437, 2014 WL 2882929, at *1 (E.D. La. June 25, 2014) (citing *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008)). As such, given the plain language of the removal statute, only a defendant may remove an action from state court. *Daigle v. Assumption Parish Police Jury*, No. 14-1437, 2014 WL 6836130, at *1 (E.D. La. Dec. 2, 2014) (citing 28 U.S.C. § 1441(a)). Therefore, a Plaintiff who choose to bring her action in state court may not subsequently remove that action. *See Jerry Family of Sark v. Fed. Home Mortg. Corp.*, 161 F. App'x 367, 2005 WL 3560824, at *1 (5th Cir. Dec. 30, 2005); *see also McKenzie v. United States*, 678 F.2d 571, 574 (5th Cir. 1982) ("[O]nly a defendant, never a plaintiff, may remove a civil action from state to federal court"); *c.f. In re Crystal PowerCo., LTD.,* 641 F.3d 82, 85 n. 10 (5th Cir.2011) ("[W]hen a party voluntarily enters state-court litigation as a plaintiff, the subsequent filing of a counter-claim or cross-claim against it does not allow that party

4

to invoke the right of removal conferred only on true defendants."). Finally, "while federal courts grant considerable leeway to pro se pleadings, they must still follow the applicable law and procedural rules in presenting their case." *Jerry Family of Sark*, 2005 WL 3560824, at *1. As such, it is clear that the Plaintiff had no right or authority to remove her case from the state court where she chose to file.

What is less clear to the Court is the proper action to take after finding that the Plaintiff has no right to remove the case given that the Defendants have also filed a notice of removal, docketed in a separate case. Typically, a finding that the Plaintiff has improperly attempted to remove a case results in the Court remanding the case back to the state court. *See Callou Corp.*, 2014 WL 2882929, at *1; *Daigle,* 2014 WL 6836130, at *1. However, a remand here strikes the undersigned as improper because the result would mean that the same underlying litigation would be both in the state court as well as in the federal court. Such a result would create needless confusion and duplicitous action that does not serve the interests of judicial economy.

Rather, guided by the law concerning duplicitous litigation, the Court believes that dismissing the instant case without prejudice to the Plaintiff's claims is the proper course of action that looses the Giedeon's Knot. A plaintiff has "'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant[s].'" *Oliney v. Gardner,* 771 F.2d 856, 859 (5th Cir.1985) (quoting *Walton v. Eaton Corp.,* 563 F.2d 66, 70 (3d Cir.1977)). As such, "[w]hen a plaintiff files a second complaint alleging the same cause of action as a prior, *pending,* related action, the second complaint may be dismissed." *Id. See also*, *Hockerson–Halberstadt, Inc. v. Nike, Inc.,* Civ. A. Nos. 91–1720, 91–3939, 1991 WL 255677, at *1 (Nov. 27, 1991) (Mentz, J.). (finding that "the interests of judicial efficiency would be served by dismissing without prejudice the first suit, and proceeding to trial

on the second suit."). Indeed, the Fifth Circuit has approved the dismissal without prejudice of duplicative complaints by pauper plaintiffs because such duplicative litigation is malicious. *Pittman v. Moore*, 980 F.2d 994, 994-95 (5th Cir. 1993) ("In forma pauperis plaintiffs have no preferred status as litigants in respect to the procedures with which they must comply. A district court would be fully justified in dismissing a non-pauper complaint that is duplicative of prior federal court litigation then being pursued by the same plaintiff.").

As such, the Court will dismiss the plaintiff's case without prejudice. The Plaintiff has no right to remove her state court action or to pursue a duplicative case concerning the same facts, claims, and parties as the case properly removed by the Defendants in *Singleton v. Office of Personnel Management*, Civ. No. 15-15333. Dismissing the case without prejudice would best serve judicial economy in this instance without prejudice to the plaintiff.

**IV. Conclusion**

Accordingly,

**IT IS ORDERED** that Civil Action No. 16-16364 is **DISMISSED WITHOUT PREJUDICE.**

New Orleans, Louisiana, this 23rd day of January 2017.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**