UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GLINDA MARIE SINGLETON** | **CIVIL ACTION** |
| **VERSUS** | **NO:   16-15333** |
| | **c/w 16-16364** |
| **OFFICE OF PERSONNEL MANAGEMENT, ET AL** | **MAGISTRATE JUDGE KAREN WELLS ROBY** |

## ORDER AND REASONS

Before the Court is a **Motion to Dismiss (R. Doc. 5)** filed by Defendants the Office of Personnel Management; Jeh Johnson, Secretary of the Department of Homeland Security; Pauline Campbell, Director of Equal Rights at the Federal Emergency Management Agency ("FEMA"); Willisa Donald, Director of the Office of Equal Rights; John White, Director at National Finance Center, Department of Agriculture ("Federal Defendants") seeking an order dismissing the case for lack of subject matter jurisdiction. The motion is not opposed.[1] The motion was submitted on January 25, 2017. For the following reasons, the motion to dismiss is **GRANTED**.

Also before the Court is the Plaintiff's **Motion to Continue (R. Doc. 16)**. For the reasons discussed below, that motion is **DENIED.**

### I.   Background

On October 6, 2016, the Federal Defendants filed a notice of removal, removing the Plaintiff Glinda Singleton's state court action from the 32nd Judicial District Court on the basis of 38 U.S.C. §1442(a)(1) and § 1441(a). R. Doc. 1.[2] The Plaintiff originally filed her *pro se* action in

---

[1] The Court notes that the *pro se* Plaintiff was made aware that she should file an opposition no later than January 17, 2017 if she opposed the motion both by the Court's order on January 6, 2017 (R. Doc. 13) as well as orally during the Scheduling Conference held that same day (R. Doc. 14). On January 31, 2017, the Plaintiff filed a Motion to Continue (R. Doc.16). However, this motion did not oppose or address the pending motion, and for the reasons discussed below, that motion is denied.

[2] The Plaintiff subsequently filed her own notice of removal on November 14, 2016. *Singleton v. Office of Personnel Management*, Civ. No. 16-16364. (R. Doc. 1). That case was dismissed without prejudice.

the 32nd Judicial District Court for Terrebonne Parish against: the Office of Personnel Management; Jeh Johnson, Secretary of the Department of Homeland Security; Pauline Campbell, Director of Equal Rights at the Federal Emergency Management Agency ("FEMA"); Willisa Donald, Director of the Office of Equal Rights; John White, Director at National Finance Center, Department of Agriculture; and Washington D.C.. R. Doc. 1-1, p. 2. In her original complaint filed in state court, the Plaintiff filed suit under Title VII of the Civil Rights Act of 19964, 42 U.S.C. § 2000e-2(a) alleging racial and gender based discrimination while she was employed with FEMA. *Id.* She alleges that she faced racial and sexual harassment during her employment and that nothing was done to remedy the situation. *Id.* After receiving her notice of her right to sue, the Plaintiff filed the suit in state court seeking an injunction ordering the City to provide sufficient remedial relief to make her whole, adopt and modify existing policies governing racial and sexual harassment, to provide adequate training to employees regarding racial and sexual harassment, and to take other appropriate measures to overcome effects of discrimination. *Id.* at p. 3. She also seeks an award of compensatory damages. *Id.* at p. 4.

On November 15, 2016, the Federal Defendants filed a Motion to Dismiss for Lack of Jurisdiction. R. Doc. 5. On January 5, 2017, the case was referred to the Magistrate Judge by consent of the parties under 28 U.S.C. § 636(c). R. Doc. 8. Thereafter, on January 6, 2017, the undersigned continued the submission date to January 25, 2017 and ordered that any opposition to the motion to dismiss be filed no later than January 17, 2017.

In its motion, the Federal Defendants argue that, under the derivative jurisdiction doctrine, this Court lacks subject matter jurisdiction because the Louisiana state court lacked jurisdiction to hear the Plaintiff's Title VII claims. R. Doc. 5-1, p. 6. The Federal Defendants further argue that the Louisiana state court lacked jurisdiction because the United States had not waived sovereign

2

immunity for Title VII claims as to state court jurisdiction. *Id.* at p. 5-6. At this time, the Plaintiff has still not yet filed any opposition to the Federal Defendant's motion.

Additionally, as to the Defendant Washington, D.C., the Court will dismiss the Case as to this Defendant because the claims against it are frivolous. It appears that Washington, D.C. was not made a defendant in the underlying state court litigation. R. Doc. 1. However, upon reading the complaint, the Court determined that the Plaintiff referred a number of times to "Defendant City of Washington, D.C." R. Doc. 1-1. As such, the Court instructed for Washington, D.C. to be added as a defendant. Nonetheless, at this time, the Court has determined that the claims against Washington, D.C. are frivolous and will dismiss them.

## II.     Motion to Dismiss

### A.     Standard of Review

Federal Rule of Civil Procedure 12(b)(1) provides for the dismissal of a case where the Court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1); *Leaming v. Stonegage Mortgage*, No. 16-8511, 2016 WL 507249 at *1 (E.D. La. Sept. 20, 2016). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Krim v. pcOrder.com, Inc.*, 402 F.3d 489, 494 (5th Cir. 2005) (quoting *Home Builders Ass'n of Miss., Inc. v. City of Madison,* 143 F.3d 1006, 1010 (5th Cir.1998)). However, "[t]he court's dismissal of a plaintiff's case because the plaintiff lacks subject matter jurisdiction is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

The Court may determine if it lacks subject matter jurisdiction by looking at "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Id.* (citing *Barrera–Montenegro v. United States,* 74 F.3d 657, 659 (5th Cir.1996)). The burden of

proof is on the party asserting jurisdiction. *Venable v. Louisiana Workers' Compensation Corp.*, 740 F.3d 937, 941 (5th Cir. 2013) (citation and internal quotation omitted) (emphasis added) ("A district court should dismiss where it appears certain that *the plaintiff* cannot prove a plausible set of facts that establish subject-matter jurisdiction.").

**B.    Analysis**

Here, the Federal Defendants have filed a motion to dismiss for lack of subject matter jurisdiction. R. Doc. 5. In particular, the Federal Defendants argue that this Court lacks subject matter jurisdiction under the derivative jurisdiction doctrine because the state court lacked jurisdiction. R. Doc. 5-1, p. 5. In essence, the Federal Defendants argue that because the state court had no jurisdiction to hear the Plaintiff's Title VII suit, the Federal Court does not have jurisdiction either because under § 1442 the federal court's jurisdiction is based on the state court's jurisdiction. R. Doc. 5-1, p. 3-4.

Under the derivative jurisdiction doctrine, "when a case is removed from state to federal court, the jurisdiction of the federal court is derived from the state court's jurisdiction." *Lopez v. Sentrillon Corp.*, 749 F.3d 347 (5th Cir. 2014) As such, if the state court lacks jurisdiction, then the federal court also lacks jurisdiction even if "'a like suit originally brought in a federal court…would have [been within the federal court's] jurisdiction.'" *Id.* (quoting *Minnesota v. United States,* 305 U.S. 382, 389 (1939)). While the derivative jurisdiction doctrine has been abrogated for cases removed under § 1441[3], the doctrine still has continuing force for cases removed under § 1442.[4] As the Fifth Circuit in *Lopez* explains:

---

[3] 28 U.S.C. § 1441(a), the general civil action removal statue, provides: "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

[4] 28 U.S.C. § 1442(a)(1), the federal officer or agency removal statute, provides: "A civil action or criminal prosecution that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it

> [A]ny ambiguity about the endurance of the derivative jurisdiction doctrine as applied to removals under § 1442 was eliminated when Congress amended § 1441 in 2002 to add the words "removed under this section." Thus, as amended and renumbered, 28 U.S.C. § 1441(f) now provides: "The court to which a civil action is removed *under this section* is not precluded from hearing and determining any claim in such civil action because the State court from which such civil action is removed did not have any jurisdiction over that claim.". . .[W]e think the amended statutory language is clear that the new § 1441(f) limits the abrogation of the derivative jurisdiction doctrine to cases removed under 28 U.S.C. § 1441. The doctrine therefore continues to apply to cases removed pursuant to other statutes such as 28 U.S.C. § 1442.

*Id.* at 350-51. As such, as is the case here, a case removed under § 1442 is still analyzed under the derivative jurisdiction doctrine. Therefore, for this Court to have jurisdiction to hear the Plaintiff's Title VII claims, the state court must have had jurisdiction to hear her claims. And, that is where the plot thickens.

"The basic rule of federal sovereign immunity is that the United States cannot be sued at all without the consent of Congress." *Block v. North Dakota ex rel. Bd. of Univ. & Sch. Lands,* 461 U.S. 273, 287 (1983). "Accordingly, suits against officials or agencies of the United States are barred if there is no waiver of sovereign immunity." *McLean v. Obama*, No. 15-8, 2015 WL 39664626, at *1 (E.D. La. June 30, 2015) (citing *Hawaii v. Gordon*, 373 U.S. 57, 58 (1963)). The Plaintiff bears the burden of demonstrating that Congress has waived sovereign immunity, and that waiver "must be unequivocally expressed in statutory text and will not be implied." *Lane v. Pena*, 518 U.S. 187, 192 (1996); *see also St. Tammany Parish, ex rel. Davis v. Fed. Emergency Mgmt. Agency*, 556 F.3d 307, 315-16 (5th Cir. 2009).

The import of sovereign immunity is that it is "jurisdictional in nature." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994); *see also United States v. Sherwood,* 312 U.S. 584, 586 (1941) ("[T]he

---

is pending:…The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue."

terms of [the United States's] consent to be sued in any court define that court's jurisdiction to entertain the suit."); *see also Charles v. McHugh,* 613 F. App'x. 330, 332-33 (5th Cir. 2013). As such, "[s]overeign immunity is not only a bar to liability but also a bar to the courts in which suits against the United States can be filed." *Bullock v. Napolitano*, 666 F.3d 281, 284 (4th Cir. 2012) (citing *Sherwood*, 312 U.S. at 588-91).

Turning to the present case, "[T]itle VII provides the exclusive remedy for employment discrimination claims raised by federal employees." *Jackson v. Widnall*, 99 F.3d 710, 716 (5th Cir. 1996) (citing *Brown v. General Servs. Admin.*, 425 U.S. 820, 835 (1976)); *see also, Rowe v. Sullivan*, 967 F.2d 186, 189 (5th Cir.1992). Under Title VII, when the Federal Government acts as an employer, Congress has waived sovereign immunity for employment discrimination claims. *See* 42 U.S.C. § 2000e-16; *see also*, *Library of Cong. v. Shaw*, 478 U.S. 310, 319 *1986) (abrogated by statute on other grounds); *see also*, *Bullock*, 666 F.3d at 283.

However, the extent of this waiver has been complicated by the Supreme Court's decision in *Yellow Freight Sys., Inc. v. Donnelly*, 494 U.S. 820 (1990). In *Yellow Freight*, the Supreme Court held that Title VII did not grant exclusive jurisdiction of Title VII claims to Federal Court because "1) federal and state courts are presumed to have concurrent jurisdiction over cases arising under the laws of the United States and (2) Title VII contains no language stripping state courts of their 'presumptive jurisdiction.'" *Bullock*, 666 F.3d at 283 (quoting *Yellow Freight*, 494 U.S. at 823). As such, the Court found no jurisdictional problem with the plaintiff pursuing her discrimination claims against a private employer in state court. *Yellow Freight*, 494 U.S. at 826.

The complication that arises is this: what effect does the "omission of any…provision" providing for the exclusive jurisdiction of Title VII claims in Federal Courts have on the extent of the United States's waiver of sovereign immunity? Clearly, the lack of any limiting language allows for Title VII claims in general to be brought in state courts. However, it is doubtful that this

same lack of language—which allows for concurrent jurisdiction—rises to the level of an "unequivocally" expressed waiver by the sovereign to be sued in state court.

In *Bullock v. Napolitano*, cited by the Federal Defendants, the Fourth Circuit confronted this exact complication. The Fourth Circuit found that Congress had not waived sovereign immunity so as to allow Title VII claims to be brought in state court. The Fourth Circuit's analysis is persuasive:

> The United States has sovereign immunity from such suits and any waiver of that immunity must be "unequivocally expressed" in a statutory provision, which the courts must construe in favor of the United States. Thus, while suits against private corporations, which do not have sovereign immunity, can be justified by the presumption of concurrent state jurisdiction, a suit against the United States can only rely on an unequivocal waiver contained in a statutory provision. A statute's "complete silence" on the subject is insufficient.

666 F.3d at 285 (citations omitted). As such, while Title VII contemplates suits being brought in "[e]ach United States district court and each United States court of a place subject to the jurisdiction of the United States,"[5] it makes no mention of suits being brought in state courts. In fact, "[t]he statute is 'completely silent' on that point." *Id.* at 284 (quoting *Yellow Freight*, 494 U.S. at 825). This is not enough to amount to an unequivocal expression of sovereign immunity. *See Shaw,* 478 U.S. at 319 ("[C]ongressional silence does not permit us to read the provision as the requisite waiver of the Government's immunity"); *see also Lane,* 518 U.S. at 192 (citation omitted) ("A waiver of the Federal Government's sovereign immunity. . .will not be implied."). For Title VII to effectuate a waiver, the waiver of sovereign immunity "must be expressed in unequivocal statutory text." *West v. Gibbons*, 527 U.S. 212, 224 (1999) (Kennedy, J., dissenting).

The result is that the Plaintiff's Title VII claims must be dismissed without prejudice. First, because the Federal Defendant's removed pursuant to § 1442, the derivative jurisdiction doctrine applies. As such, this Court's jurisdiction to hear the Plaintiff's claims derives from the 32nd

---

[5] 42 U.S.C. § 2000e-5(f)(3).

Judicial District Court's jurisdiction to hear her claims. Second, because Congress has not waived sovereign immunity under Title VII to allow the United States to be sued in state court, the 32nd Judicial District Court did not have jurisdiction to hear the Plaintiff's employment discrimination claims against the Federal Defendants. Therefore, this Court does not have jurisdiction to hear the Plaintiff's Title VII claims which were originally filed in state court. As such, the Court grants the Federal Defendant's motion to dismiss. The Plaintiff's claims against the Federal Defendants are dismissed without prejudice to be refiled directly in the proper court.[6] *Ramming* 281 F.3d at 161.

### III. Frivolousness Review

#### A. Standard of Review

"[A] District Court may dismiss without prejudice a pro se litigant's complaint if it is frivolous or malicious." *Harris v. United States Dept. of Justice,* 680 F.2d 1109, 1111 (5th Cir. 1982) (citing *Mitchell v. Beaubouef*, 581 F.2d 412, 416 (5th Cir. 1978)). As the Fifth Circuit in *Harris* explained:

> The two stage procedure that has been adopted in this Circuit for processing prisoner pro se complaints filed *in forma pauperis* has full application in the present context for it gives adequate protection to those not represented by attorneys and comports with the explicit provisions of 28 U.S.C. [§] 1915. The District Court first decides whether the litigant meets the economic requirements to proceed in forma pauperis. Then, pursuant to [§] 1915[(e)(2)], the Court may dismiss the complaint if, upon giving it the liberal reading traditionally granted pro se complaints, it determines that it is unmeritorious, frivolous or malicious.

680 F.2d at 1111 (internal citations omitted); *see also* 28 U.S.C. § 1915(e)(2); *see also Phillips v. City of Dallas*, 2015 WL 233336, at *4 (N.D. Tex. Jan. 14, 2015) (noting that "a district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action" is frivolous, malicious or fails to state a claim).

---

[6] This result strikes the Court as paradoxical because the Court is dismissing the case without prejudice as to the Plaintiff's right to pursue her claims in a court with proper jurisdiction, which is a federal court. Essentially, the Court is dismissing the case so the Plaintiff can re-file her claims in this same court. Yet, however paradoxical, this appears to be the result mandated under the derivative jurisdiction doctrine. *See Lopez,* 749 F.3d 347.

Moreover, the Court's authority to dismiss a frivolous complaint is not dependent on the pauper status of the *pro se* litigant. *See, e.g., Pope v. Mountcastle Mortg. Corp.*, No. 11-1689, 2011 WL 4986927 (N.D. Tex. Oct. 18, 2011); *see also Whitehead v. White & Case, LLP*, 2012 WL 1795151, at *3 (W.D. La. Apr. 19, 2012); *Gialto v. Bush*, No. 06-1316, 2007 WL 1200138, at *2 (N.D.N.Y. Apr. 20, 2007) ("Notwithstanding this policy of liberality, the court has the discretion to dismiss frivolous claims, whether or not the plaintiff is proceeding in forma pauperis."). While never having directly addressed the issue, the Supreme Court seems to have acknowledged the federal court's inherent power dismiss frivolous complaints. *See Mallard v. United States District Court for the Southern District of Iowa,* 490 U.S. 296, 307–308 (1989) (Brennan, J.) ("Statutory provisions may simply codify existing rights or powers. Section 1915(d), for example, authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision."); *see also*, *Fitzgerald v. First East Seventh Street Tenants Corp.,* 221 F.3d 362, 364 (2d Cir. 2000) ("district courts may dismiss a frivolous complaint *sua sponte* even when the plaintiff has paid the required filing fee, just as the Court of Appeals may dismiss frivolous matters in like circumstances.").

The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle,* 789 F.2d 318 (5th Cir. 1986), *modified on other grounds, Booker v. Koonce,* 2 F.3d 114 (5th Cir. 1993). However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

A claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams,* 490 U.S. 319 (1989); *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998). A claim lacks an arguable basis in law if it is based on an undisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers,* 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis only if the facts alleged are

9

"clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992); *Neitzke,* 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiffs' claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins,* 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy,* 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus,* 976 F.2d 268, 269 (5th Cir. 1992).

    **B.**    **Analysis**

Here, the Plaintiff has filed suit against a number of entities for employment discrimination under Title VII of the Civil Rights Act. R. Doc. 1-1. In particular, the Plaintiff states that she faced discrimination because of her sex and race while employed with FEMA. In her complaint, the Defendant lists among the defendants the City of Washington, D.C. R. Doc. 1-1, p. 1.

As noted above, "[T]itle VII provides the exclusive remedy for employment discrimination claims raised by federal employees." *Jackson*, 99 F.3d at 716. Title VII prohibits any employer, employment agency, or labor organization from engaging in unlawful employment practices based upon an individual's race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2. For the purposes of Title VII "employer" is defined as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person" 42 U.S.C. § 2000e(b); *see also Matthews v. Int'l House of Pancakes, Inc.*, 597 F. Supp. 2d 663, 669-670 (E.D. La. 2009).

As a threshold matter, Title VII claims only impose liability on the Plaintiff's employer. *See Carbonell v. Louisiana Dept. of Health & Human Res.*, 772 F.2d 185, 189 (5th Cir. 1985) ("It cannot be gainsaid that the dismissal of the Title VII claims against the non-employer individual defendants was appropriate."); *Perry v. Kim's Mkt. & Deli, LLC*, No. 07-0594, 2008 WL 199810,

at *1 (E.D. La. Jan. 23, 2008) ("[N]one of the defendants were plaintiff's employer and defendants cannot, therefore, be liable for [Title VII] claims."); *see also, Reeves v. DSI Sec. Servs.*, 331 F. App'x 659, 663 (11th Cir. 2009) (finding plaintiff's claims of discrimination against non-employer were not cognizable under Title VII.); *Lewis v. Asplundh Tree Expert Co.*, 402 F. App'x 454, 457 (11th Cir. 2010) (noting that it is the "employer-employee relationship that would trigger liability under Title VII").

Here, then, the Court finds that the Plaintiff's claims against the City of Washington, D. C. to be frivolous. The Plaintiff states that she has brought these Title VII claims as a result of discrimination that occurred during her time as an employee of FEMA. The Plaintiff has not alleged that she was an employee of Washington, D.C. or that she even worked for FEMA in Washington, D.C. As such, the Plaintiff's claims fail to pass even the threshold requirement that her Title VII claims be alleged against her employer. *See, e.g.*, *Hamilton v. SMS Tech. Servs.*, No. 14-560, 2016 WL 2642221, at *3 (S.D. Ala. May 9, 2016) (internal quotation and citation omitted) ("Thus, as a threshold matter, the statutes make clear that for an individual to recover, [t]he establishment of an employment relationship is required."). Moreover, the Court notes that FEMA is an executive agency[7] that is under the authority of the Executive Department and not Washington, D.C. Therefore, the Plaintiff's claims against Washington, D.C. for discrimination under Title VII are indisputably meritless and should be dismissed.

### IV.     Motion to Continue (R. Doc. 16)

On January 31, 2017, the Plaintiff filed a motion to continue a number of cases in the state of Louisiana, all of which are not pending in this Court, as well as a number of federal cases. R. Doc. 16. In her motion, the Plaintiff offers a bevy of new factual allegations and complaints against

---

[7] *See,* Daniel A. Farber et al., *Reinventing Flood Control*, 81 Tul. L. Rev. 1085, 1123 (2007). An executive agency is "an Executive department, a Government corporation, and an independent establishment." 5 U.S.C. § 105.

11

a number of entities both at the federal and state level, including reports of issues related her attempts to secure disability retirement with the Office of Personnel Management, alleged attacks on her person and property, alleged over-taxing of her property, and other requests such as an investigation into the bank accounts of her family members. R. Doc. 16, p. 2-4.

As an initial matter, the undersigned has no authority to grant the relief requested as it relates to state court cases or other federal cases not before the undersigned. *See In Re McBryde*, 117 F.3d 208, 225 (5th Cir. 1997) (quoting *Dhalluin v. McKibben*, 682 F. Supp. 1096 (D. Nev. 1988)) ("'[T]he structure of the federal courts does not allow one judge of a district court to rule directly on the legality of another district judge's judicial acts or to deny another district judge his or her lawful jurisdiction.'").

Turning to the Plaintiff's request as it relates to Civil Action Nos. 16-15333 and 16-16364, the Court denies the Plaintiffs motion. First, Civil Action No. 16-16364 has already been dismissed without prejudice to the Plaintiff's claims because it was improperly removed and duplicitous of the instant case. *Singleton v. Office of Personnel Management*, Civ. No. 16-16364. (R. Doc. 9).

Second, as discussed above, the Plaintiff's Title VII claims in this case against the Federal Defendants are properly dismissed without prejudice to her refiling in the proper court and the claims against the City of Washington, D.C. are indisputably meritless and should be dismissed. The allegations contained in the Plaintiff's motion do not alter the analysis of either decision for the reasons assigned above. Moreover, the Plaintiff's motion offers no justification as to why a continuance should be granted. As such, the Court denies the motion.

### V.  Conclusion

Accordingly,

**IT IS ORDERED** that **Motion to Dismiss (R. Doc. 5)** is **GRANTED.**

**IT IS FURTHER ORDERED** that the Plaintiff's claims against the Office of Personnel Management; Jeh Johnson, Secretary of the Department of Homeland Security; Pauline Campbell, Director of Equal Rights at the Federal Emergency Management Agency ("FEMA"); Willisa Donald, Director of the Office of Equal Rights; John White, Director at National Finance Center, Department of Agriculture are **DISMISSED WITHOUT PREJUDICE** to being refiled in the proper court**.**

**IT IS FURTHER ORDERED** that the Plaintiff's claims against the City of Washington, D.C. are **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that the Plaintiff's **Motion to Continue (R. Doc. 16)** is **DENIED.**

New Orleans, Louisiana, this 1st day of February 2017.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**